The Honorable John C. Coughenour

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

JUAN ALBERTO CASTANEDA MIRANDA,

10
                  Plaintiff,

11
       v.

12
U.S. DRUG ENFORCEMENT
ADMINISTRATION, a U.S. government
13
agency; U.S. FEDERAL BUREAU OF
INVESTIGATION, a U.S. government agency;
14
UNITED STATES BUREAU OF ALCOHOL,
TOBACCO, FIREARMS & EXPLOSIVES, a
15
U.S. government agency; AGENT AGUIRE,
BADGE NO. 7785, an employee for the U.S.
16
federal government; AGENT MORELAND,
BADGE NO. 7701, an employee for the U.S.
17
federal government; and UNKNOWN NAMED
AGENTS OF THE U.S. FEDERAL BUREAU
18
OF INVESTIGATION, U.S. DRUG
ENFORCEMENT ADMINISTRATION, U.S.
19
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS & EXPLOSIVES 1-10, inclusive,
20

21
                  Defendants.

CASE NO.  2:21-cv-00952-JCC

DEA, FBI, AND ATF'S
MOTION TO DISMISS

Noted for consideration:
October 22, 2021

22
      Defendants U.S. Drug Enforcement Administration ("DEA"), U.S. Federal Bureau of

23
Investigation ("FBI"), and U.S. Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"),

24
by and through counsel of record, Tessa M. Gorman, Acting United States Attorney for the

DEA, FBI, AND ATF'S MOTION TO DISMISS
[Case No. 2:21-cv-00952-JCC] - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Western District of Washington, and Kristen R. Vogel, Assistant United States Attorney for said

2  District, hereby moves pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to

3  dismiss Plaintiff's claims against DEA, FBI, and ATF for lack of subject matter jurisdiction.[1]

4  ## I.   STATEMENT OF FACTS

5      Plaintiff Juan Alberto Castaneda Miranda files this civil rights action seeking

6  compensatory and punitive damages for alleged violations of his constitutional and state law

7  rights.  Dkt. 1 ("Compl."), at ¶¶ 1.1.

8      Mr. Castaneda Miranda alleges that on July 13, 2018, the U.S. District Court for the

9  Western District of Washington issued a search and seizure warrant to search his apartment for

10  controlled substances, drug paraphernalia, drug transaction records, etc.  *Id.* at ¶ 4.9.  Pursuant to

11  that search warrant, Mr. Castaneda Miranda alleges that on July 17, 2018, the defendants "raided

12  and destroyed [his] apartment, killing his cat, and causing personal injuries to [him]."  *Id.* at ¶

13  4.10.  Plaintiff alleges that during this raid he pleaded with agents to look in his wallet to confirm

14  that they had the wrong apartment and the wrong person but that his pleas were ignored.  *Id.* at

15  ¶¶ 4.11-4.12.  Plaintiff alleges that after his apartment and vehicle were "torn up," he was

16  informed by the defendants that they had "the wrong individuals and the wrong apartment and to

17  complete claim forms for reimbursement of damages."  *Id.* at ¶¶ 4.13-4.14.  As a result, Plaintiff

18  alleges that he has suffered significant personal injuries, wage loss, and property damage from

19  the defendants' wrongful arrest, search and seizure and destruction of his personal belongings in

20  violation of his Fourth and Fifth Amendment rights.  *Id.* at ¶ 4.15.

21      Plaintiff's Complaint asserts six claims for relief against all defendants:  (1) unreasonable

22  _____

23  [1] Pursuant to either 42 U.S.C. § 1983 or *Bivens*, Plaintiff also sues Agents Aguire and Moreland, whom he alleges
are (or were) employees of the U.S. federal government.  Upon information and belief, these two individuals have

24  not been served with a summons and complaint, nor are they federal employees.  Accordingly, this motion is only
on behalf of DEA, FBI, and ATF.

DEA, FBI, AND ATF'S MOTION TO DISMISS
[Case No. 2:21-cv-00952-JCC] - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

search and seizure for his detention and arrest pursuant to 42 U.S.C. § 1983; (2) unreasonable search and seizure for use of excessive force pursuant to 42 U.S.C. § 1983; (3) substantive due process violations pursuant to 42 U.S.C. § 1983; (4) federal, city, county, and municipal liability for unconstitutional customs or policies pursuant to 42 U.S.C. § 1983; (5) federal, city, county, and municipal liability for failure to train pursuant to 42 U.S.C. § 1983; and (6) a plausible claim for relief against the defendants pursuant to *Bivens*.  Compl. at ¶¶ 5.1-10.4.

## II.   STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject matter jurisdiction over the claim.  Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted).  Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

A motion to dismiss for lack of subject matter jurisdiction can attack the allegations either facially or factually.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A moving party facially attacks the allegations by asserting "that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*  In reviewing a facial attack, the court must accept all of the factual allegations in the complaint as true. *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014).  Even when accepting the truthfulness of the allegations however, "[t]he plaintiff in a lawsuit against the United States must point to an unequivocal waiver of sovereign immunity" to sustain his burden of demonstrating that subject matter jurisdiction exists. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998); *see also Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995) (plaintiff bears the

DEA, FBI, AND ATF'S MOTION TO DISMISS
[Case No. 2:21-cv-00952-JCC] - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | burden of showing that the United States has waived its sovereign immunity).

2 | ### III.    ARGUMENT

3 | #### A.    The Court Lacks Subject Matter Jurisdiction Over Plaintiff's *Bivens* Claim Against DEA, FBI, and ATF.

4 | Plaintiff's claim against DEA, FBI, and ATF under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) must be dismissed.  The United States, as a sovereign, is immune from suit unless it consents to be sued.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Any waiver of that immunity must be strictly construed in favor of the United States.  *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33-34 (1992); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).  A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990).  Moreover, it is the burden of any party advancing a claim against the United States to plead and prove that the court has jurisdiction to entertain the claim.  *See Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984).

Additionally, federal district courts lack jurisdiction over suits against the United States unless the United States has expressly and unequivocally waived its sovereign immunity.  *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003).  Therefore, where the United States is the defendant, the plaintiff must show both subject matter jurisdiction and that the United States has waived its sovereign immunity.  *Powelson v. United States, By and Through Sec'y of Treasury*, 150 F.3d 1103, 1104 (9th Cir. 1998) ("in an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity.") (internal quotations and citations omitted).

Under a *Bivens* action, a plaintiff can sue a federal officer in his or her individual capacity seeking monetary damages for civil rights violations under color of federal law.  *Bivens*,

DEA, FBI, AND ATF'S MOTION TO DISMISS
[Case No. 2:21-cv-00952-JCC] - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

403 U.S. at 388.  However, the Supreme Court has explicitly declined to recognize a *Bivens*

action for damages against federal agencies.  *See FDIC v. Meyer,* 510 U.S. 471, 486 (1994)

("[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of

*Bivens* itself"); s*ee also Cuevas v. Dep't of Homeland Security*, 233 Fed. Appx. 642, 643-44 (9th

Cir. 2007) (affirming court's dismissal of plaintiff's constitutional claims because "DHS has not

waived its sovereign immunity" and any *Bivens* claim against DHS or against the federal

officials in their official capacity was foreclosed); *Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d

1250, 1257 (9th Cir. 2008) ("But no *Bivens*-like cause of action is available against federal

agencies or federal agents sued in their official capacities.").  Accordingly, the law is clear that

Plaintiff's *Bivens* claim against DEA, FBI, and ATF must be dismissed for lack of subject matter

jurisdiction.

Furthermore, aside from *Bivens*, Plaintiff cites to no other statute or law that

unequivocally waives the United States' sovereign immunity and allows him to sue federal

agencies for monetary damages.[2]  Accordingly, this Court lacks subject matter jurisdiction over

Plaintiff's constitutional claims seeking monetary damages from DEA, FBI, and ATF.

**B.     The Court Lacks Subject Matter Jurisdiction over Plaintiff's Sections 1983, 1985, and 1986 Claims Against DEA, FBI, and ATF.**

To the extent Plaintiff asserts claims against DEA, FBI, and ATF pursuant to 42 U.S.C.

§§ 1983, 1985, and 1986, those claims must also fail.  The Civil Rights Act, codified at 42

U.S.C. § 1983, "provides a remedy only for deprivation of constitutional rights by a person

---

[2] On the face of the Complaint it is unclear whether Plaintiff also attempts to assert common law tort claims in addition to constitutional claims against the federal government pursuant to the Federal Tort Claims Act ("FTCA"). However, FBI, DEA, and ATF must still be dismissed from this lawsuit "[b]ecause the United States is the only proper party defendant in an FTCA action" and "[a] claim against [a federal agency] in its own name is not a claim against the United States."  *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) (citing 28 U.S.C. § 2679(a)).

1  acting under color of law of any state or territory or the District of Columbia." *Daly-Murphy v.*

2  *Winston*, 837 F.2d 348, 355 (9th Cir. 1988).  Here, to the extent Plaintiff alleges constitutional

3  violations by DEA, FBI, and ATF, or other federal actors, his Section 1983 claims must fail

4  because "by its very terms, § 1983 precludes liability in federal government actors." *Morse v. N.*

5  *Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997).  Similarly, the Ninth Circuit has

6  also held that Sections 1985 and 1986 do not waive a federal agency's sovereign immunity.  *See*

7  *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("To the contrary, §§ 1983 and 1985

8  impose liability upon a 'person,' and a federal agency is not a 'person' within the meaning of

9  these provisions.") (citation omitted); *see also Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir.

10  1985) ("[A] cause of action is not provided under [§ 1986] absent a valid claim for relief under

11  [§] 1985.").  Therefore, Plaintiff's Sections 1983, 1985, and 1986 claims against DEA, FBI, and

12  ATF must be dismissed.

13        **C.**    **Plaintiff is Not Entitled to Injunctive Relief From DEA, FBI, and ATF.**

14        Plaintiff's Complaint also requests "that his name be cleared from all records with

15  Defendants and any other reporting agency, so that he will not have this botched and reckless

16  event continue to smear his name legally and socially."  Compl. at ¶ 12.5.  As an initial matter, it

17  is unclear what Plaintiff means when he requests DEA, FBI, or ATF to clear his name "from all

18  records."  Plaintiff's vague, poorly defined request runs afoul of the requirement that the

19  language of injunctions must be "'reasonably clear so that ordinary persons will know precisely

20  what action is proscribed.'"  *Premier Communications Network v. Fuentes*, 880 F.2d 1096, 1100

21  (9th Cir. 1989) (quoting *United States v. Holtzman*, 762 F.2d 720, 726 (9th Cir. 1985)); *see also*

22  Fed. R. Civ. P. 65(d)(1) (requiring that an injunction order "state its terms specifically; and

23  describe in reasonable detail — and not by referring to the complaint or other document — the

24  act or acts restrained or required").  On that basis alone his request should be denied.

DEA, FBI, AND ATF'S MOTION TO DISMISS
[Case No. 2:21-cv-00952-JCC] - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Furthermore, Plaintiff does not show a plausible basis for standing to seek injunctive

2    relief from DEA, FBI, or ATF.  "To bring suit in federal court, a plaintiff must establish three

3    constitutional elements of standing."  *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir.

4    2010).  Plaintiff must (1) "have suffered an injury in fact," (2) "establish a causal connection

5    between the injury and the defendant's conduct," and (3) "show a likelihood that the injury will

6    be redressed by a favorable decision." *Id.* (quotations omitted).  Additionally, Plaintiff "must

7    demonstrate standing *separately* for each form of relief sought." *Friends of the Earth, Inc. v.*

8    *Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 185 (2000) (emphasis added).  "Past exposure to

9    harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the

10   plaintiff does not continue to suffer adverse effects." *Mayfield*, 599 F.3d at 970.  "Once a

11   plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a

12   real or immediate threat ... that he will again be wronged in a *similar* way." *Id.* (quotations

13   omitted) (emphasis added); *see also Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) ("A

14   plaintiff seeking prospective injunctive relief mot demonstrate that he is realistically threatened

15   by a *repetition* of [the violation].") (quotations omitted) (alteration and emphasis in original).

16       Here, Plaintiff fails to allege with any specific facts how any federal government records

17   in the custody and control of DEA, FBI, or ATF "continue to smear his name legally and

18   socially."  Compl. at ¶ 12.5.  Rather, he vaguely alleges that this incident "has prevented him for

19   [sic] performing his specialized work duties with sophisticated internet installations for his

20   employer," but he does not provide any additional information that would allow the Court to

21   determine whether he is realistically threated by a repetition of similar future violations as

22   opposed to completed actions.  As pled, Plaintiff's request to "clear all records" must be denied.

23

24

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

IV.  **<u>CONCLUSION</u>**

Accordingly, for the reasons set forth above, DEA, FBI, and ATF respectfully request dismissal from this civil rights lawsuit for lack of subject matter jurisdiction.

DATED this 20th day of September, 2021.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney


*s/ Kristen R. Vogel*
KRISTEN R. VOGEL, NY No. 5195664
Assistant United States Attorney
Western District of Washington
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Email: kristen.vogel@usdoj.gov


Attorney for DEA, FBI, and ATF

DEA, FBI, AND ATF'S MOTION TO DISMISS
[Case No. 2:21-cv-00952-JCC] - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970