THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN ALBERTO CASTANEDA MIRANDA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DRUG ENFORCEMENT ADMINISTRATION, *et al.*,<br><br>Defendants. | CASE NO. C21-0952-JCC<br><br>ORDER |

This matter comes before the Court on the U.S. Drug Enforcement Administration ("DEA"), U.S. Federal Bureau of Investigation ("FBI"), and U.S. Bureau of Alcohol, Tobacco, Firearms & Explosives' ("ATF") (collectively "Defendant Agencies") motion to dismiss (Dkt. No. 12). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  BACKGROUND

Plaintiff brings this action under 42 U.S.C. §§ 1983, 1985, and 1986, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking damages from an allegedly botched raid of his apartment and vehicle. (*See generally* Dkt. No. 1.) Plaintiff

alleges the raid resulted in "bodily injuries . . .; the death of his cat; and the complete destruction of his apartment, its contents and his only personal vehicle." (*See* Dkt. No. 1 at 3–8.) Plaintiff argues the officers and agencies responsible for conducting the "unlawful and illegal raid" violated his federal and state rights. (*Id.* at 1–2.) Specifically, he asserts claims against some of the officers involved and Defendant Agencies for unreasonable search and seizure and substantive due process violations.[1] (*Id.* at 9–19.)

Defendant Agencies move under Federal Rule of Civil Procedure 12(b)(1) to dismiss the claims against them. (Dkt. No. 12.) They argue the Court does not have subject matter jurisdiction because the agencies, as an extension of the United States, benefit from sovereign immunity; absent a waiver of that immunity, the Court lacks jurisdiction to hear these claims. (*Id.* at 4–6.)

## II.   DISCUSSION

### A.  Legal Standard

Rule 12(b)(1) provides that a claim must be dismissed if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Jurisdiction is a threshold issue; without it, the Court cannot adjudicate the claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A motion to dismiss for lack of jurisdiction may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In reviewing a facial attack, the Court assumes all material allegations in the complaint are true. *Thornhill Publ'g Co. v. Gen. Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979). Defendant Agencies' motion is a facial attack—they argue, even assuming the truth of all factual allegations in Plaintiff's complaint, that Plaintiff fails to invoke federal

---

[1] Defendant Agencies contend Plaintiff also asserts a claim for injunctive relief. (*See* Dkt. Nos. 12 at 6–7.) However, injunctive relief is a remedy, not a cause of action. *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 F. App'x 680, 684 (9th Cir. 2014); *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1151–52 (W.D. Wash. 2017). Because the Court concludes that it lacks subject matter jurisdiction to hear Plaintiff's causes of action against Defendant Agencies, *see infra* Section II.B., the Court need not address the issue.

jurisdiction because the complaint lacks allegations regarding a waiver of sovereign immunity. (*See* Dkt. No. 12 at 3–6.)

### B. Sovereign Immunity

Based on sovereign immunity, the United States is immune from suit unless it consents. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). This immunity extends to "any lawsuit against an agency of the United States." *Balser v. Dep't of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003). Accordingly, this Court lacks subject matter jurisdiction over claims against Defendant Agencies unless they consent to be sued. *See id.* Plaintiff has the burden of establishing a waiver of sovereign immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983); *Landreth v. U.S.*, 2020 WL 4347377, slip op. at 2 (W.D. Wash. 2020). Defendant Agencies argue that Plaintiff has failed to meet this burden. (Dkt. No. 12 at 4–6.) Plaintiff does not address the argument; instead, he responds that dismissal is premature because discovery is needed to identify, and pursue this case against, the named and unnamed officers who conducted the raid. (Dkt. No. 13 at 6–11.)

Plaintiff misunderstands Defendant Agencies' motion as one seeking a dismissal of the case *in its entirety*. The motion before the Court is solely to dismiss the claims against Defendant Agencies. (*See generally* Dkt. No. 12.) Accordingly, to defeat the motion, Plaintiff is required to identify a waiver of sovereign immunity. *See Balser*, 327 F.3d at 907. He fails to do so. (*See generally* Dkt. No. 13.) To be clear, Plaintiff may still be able to prosecute this case against the individual agent defendants. To do so, Plaintiff must identify and serve the officers who committed the alleged violations. If Plaintiff's FOIA request successfully identifies the agents, (*see* Dkt. No. 13 at 18–19), Plaintiff must diligently attempt service. If the request is unsuccessful, Plaintiff might consider seeking a *Valentin* order from the Court. *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997).

### III. CONCLUSION

For the foregoing reasons, Defendant Agencies' motion to dismiss (Dkt. No. 12) is

GRANTED. Plaintiff's claims 1–6 against DEA, FBI, and ATF are DISMISSED with prejudice.[2]

DATED this 10th day of November 2021.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　John C. Coughenour
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Under these facts, no amendment would confer subject matter jurisdiction on the Court.